UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALI HAK,

    *Plaintiff,*                                  CASE NO. 12-CV-10879

v.                                             DISTRICT JUDGE MARK A. GOLDSMITH
                                                  MAGISTRATE JUDGE CHARLES BINDER

PRISONER HEALTH SERVICES, *et al.,*

    *Defendants*.
_____/

**REPORT AND RECOMMENDATION SUGGESTING
*SUA SPONTE* DISMISSAL OF DEFENDANT STEVENS**

**I.    Report**

By order of U.S. District Judge Mark A. Goldsmith, this *pro se* prisoner civil rights case was referred to the undersigned magistrate judge for general case management on June 11, 2012. (Doc. 6.) Pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure, Plaintiff requested that the United States Marshals Service be directed to serve process, and the request was granted on December 21, 2012. (Doc. 13.) Despite the Marshal's assistance in serving the complaint, it remains a plaintiff's responsibility to provide the Marshal with accurate and sufficient information to effect service; if a plaintiff is unable to do so, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994).

Service on Defendant Rick Stevens was attempted on January 2, 2013. On February 5, 2013, the summons was returned unexecuted and a notation was placed on the docket stating, "Unable to ID who this person is." On March 6, 2013, Plaintiff was notified of his responsibility to provide the Court with an address at which this defendant could be served and given a deadline of March 29, 2013. (Doc. 24.) Plaintiff did not respond to the notice.

**II.     Recommendation**

Accordingly, I suggest that Defendant Stevens be *sua sponte* dismissed from the case without prejudice.

**III.    Review**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                     s/ *Charles E Binder*
                                                    CHARLES E. BINDER
Dated: May 7, 2013                           United States Magistrate Judge

## **CERTIFICATION**

      I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Kevin Himebaugh, and served by first class mail on Ali Hak, #621934, G. Robert Cotton Correctional Facility, 3500 N. Elm Rd., Jackson, MI, 49201-8887.

Date: May 7, 2013                  By     s/*Jean L. Broucek*
                                                       Case Manager to Magistrate Judge Binder