UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALI HAK,

    *Plaintiff,*                     CASE NO. 12-CV-10879

v.                                 DISTRICT JUDGE MARK A. GOLDSMITH
                                   MAGISTRATE JUDGE CHARLES BINDER

PRISONER HEALTH SERVICES, *et al.*,

    *Defendants*.

                                                     /

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO RULE 41(b) OF THE
FEDERAL RULES OF CIVIL PROCEDURE**

**I.**    **RECOMMENDATION**

**IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED FOR WANT OF PROSECUTION** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**II.**    **REPORT**

    **A.**    **Background**

By order of U.S. District Judge Mark A. Goldsmith, this *pro se* prisoner civil rights case was referred to the undersigned magistrate judge for general case management on June 11, 2012. (Doc. 6.) On June 4, 2013, the Court granted Defendants' motion for a more definite statement. (Doc. 31.) The order provided that Plaintiff must submit a full and complete complaint directly to the chambers of the Magistrate Judge within ten days of entry of the order so that chambers staff could take the necessary steps to have the complete document entered on the Court's record. That ten day period expired on June 14, 2013, with no response from Plaintiff. On June 24, 2013,

Plaintiff was ordered to show cause why the case should not be dismissed for failure to prosecute. (Doc. 32.) The copy of the Order to Show Cause that was mailed to Plaintiff at his address of record was returned as undeliverable. (Doc. 33.)

**B.  Discussion**

When managing cases involving *pro se* litigants, the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation. However, the Court must also balance the defendant's right to a fair and timely resolution of the litigation, and therefore *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Rule 41(b) of the Federal Rules of Civil Procedure gives a court the authority to dismiss a case if "the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Fed. R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)). When deciding whether to dismiss a case for want of prosecution, courts are guided by competing concerns:

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant

>because the plaintiff has failed to actively pursue its claims. . . . On the other hand is the policy which favors disposition of cases on their merits.

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citation omitted).

In this case, Plaintiff failed to comply with the Court's "readily-comprehendible" deadline for filing a complete version of his complaint as well as for responding to the order to show cause. According to the Michigan Department of Correction's website, Plaintiff was paroled on June 4, 2013.[1] To date, more than three months later, Plaintiff has not updated the Court with an address where he can be reached, nor has he communicated with the Court in any fashion. Plaintiff was on notice that it was his responsibility to notify the Court of any address change, and that his failure to "promptly" do so could result in the dismissal of his case. (Doc. 3.) Thus, I find that Plaintiff has failed to actively pursue the litigation that he initiated and recommend that the case be *sua sponte* dismissed for failure to prosecute.

### III. Review

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d

---

[1] *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=621934, the MDOC's Offender Tracking Information System (viewed on September 10, 2013).

947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                          s/ Charles E. Binder
                          CHARLES E. BINDER
Dated: September 10, 2013        United States Magistrate Judge

## CERTIFICATION

      I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Kevin Himebaugh, and served by first class mail on Ali Hak, #621934, at his last known address: G. Robert Cotton Correctional Facility, 3500 N. Elm Rd., Jackson, MI, 49201-8887.

Date: September 10, 2013        By   s/*Jean L. Broucek*
                                                 Case Manager to Magistrate Judge Binder