UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALI HAK,

        Plaintiff,

                                                                       Civil Action No. 12-CV-10879

v.

                                                                       HON. MARK A. GOLDSMITH

PRISONER HEALTH
SERVICES, et al.,

        Defendants.

_____/

**ORDER ADOPTING THE RECOMMENDATION CONTAINED IN THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED
SEPTEMBER 10, 2013 (DKT. 34)**

      This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge Charles E. Binder, issued on September 10, 2013.  R&R (Dkt. 34).  In the R&R, the Magistrate Judge recommends the sua sponte dismissal of Plaintiff's case for failure to prosecute under Federal Rule of Civil Procedure 41(b).[1]

      The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2).  The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review.  See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter");

---

[1] At the beginning of this case, the Court explained to Plaintiff that it was his responsibility to notify the Court of any change in address and that the failure to do so could result in the dismissal of his case.  3/2/2012 Notice (Dkt. 3).  However, it appears that sometime after June 2012, Plaintiff's address changed because an Order to Show Cause (Dkt. 32) and the instant R&R were returned as undeliverable.  See Notices (Dkts. 33, 35).  Apparently, Plaintiff has abandoned his case because he has not filed anything since December 17, 2012. See 12/17/12 Letter (Dkt. 12).

Cephas v. Nash, 328 F.3d 98, 1078 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). There is some authority that a district court is required to review the R&R for clear error, see Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and adopts the recommendation.

Accordingly, Plaintiff's complaint is dismissed with prejudice pursuant to Rule 41(b).

SO ORDERED.

Dated:  October 2, 2013  　　　　　　s/Mark A. Goldsmith
　　　　Flint, Michigan　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 2, 2013.

　　　　　　　　　　　　　　　　　　s/Deborah J. Goltz
　　　　　　　　　　　　　　　　　　DEBORAH J. GOLTZ
　　　　　　　　　　　　　　　　　　Case Manager